UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVE KONIGSBERGER and CINDY KONIGSBERGER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER GYPSUM COMPANY, INC., et al.,<br><br>Defendants. | CASE NO. C11-6019BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on Plaintiffs Steve and Cindy Konigsberger's ("Konigsbergers") motion to remand (Dkt. 16). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 11, 2011, the Konigsbergers filed a complaint in Pacific County Superior Court for the State of Washington against Defendants Kaiser Gypsum Company, Inc. ("Kaiser Gypsum"); Hanson Permanente Cement, Inc., formerly known as Kaiser Cement Corporation; Honeywell International, Inc., successor-in-interest to Allied Signal Inc., successor-in-interest to Bendix Corporation; Genuine Parts Company ("Genuine"); Maremont Corporation; and Pneumo Abex Corporation (collectively "Defendants"). Dkt. 2, Declaration of Eliot M. Harris, Exh. 1.

ORDER - 1

The Konigsbergers allege that Mr. Konigsberger was exposed to asbestos from products that were manufactured, distributed, and/or sold by Defendants. *Id*. With respect to Kaiser Gypsum, the Konigsbergers allege that "Mr. Konigsberger also was exposed to asbestos-containing joint compound manufactured by Kaiser Gypsum during the construction of his home in Raymond, Washington in the late 1970s." *Id*. at 6.

On December 13, 2011, Genuine removed the action to this Court. Dkt. 1. Genuine asserts that "[a]ll defendants are foreign entities, with the exception of Defendant Kaiser Gypsum, which was fraudulently and improperly joined as a defendant in this action." *Id*. ¶ 5. Genuine also asserts that

> All known evidence suggests that the house was constructed in 1979. By this time, however, Kaiser Gypsum had ceased producing asbestos-containing joint compound. In fact, Kaiser Gypsum last produced joint compound containing asbestos in 1975. Accordingly, Plaintiffs cannot prevail upon their claim against Kaiser Gypsum.

*Id*. ¶ 7.

On December 22, 2011, the Konigsbergers filed the motion to remand. Dkt. 16. Genuine failed to timely respond.

## II.  DISCUSSION

As a threshold matter, failure to respond to a motion may be considered by the Court as an admission that the motion has merit. Local Rule CR 7(b)(2). Genuine's response was due no later than January 3, 2012. Local Rule CR 7(d)(3). Genuine failed to file any response to the Konigsbergers' motion and the Court considers this failure as an admission that the Konigsbergers' motion has merit.

The "defendant or the defendants" may remove an action filed in state court to federal district court. 28 U.S.C. § 1441(b). If the federal court does not have original jurisdiction over the causes of action in the complaint, the action may be removed "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id*. The "burden of establishing federal

jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

In this case, the Konigsbergers argue (1) that Genuine has failed to meet the requirement of unanimity and (2) that Genuine has failed to show that Kaiser Gypsum was fraudulently joined. The Court will address both issues.

**A.     Unanimity**

The removing defendants must obtain the consent of all defendants, with the exception of nominal parties. 28 U.S.C. § 1446(b); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986). There is a judicially created exception to unanimity of consent in removal for parties who are fraudulently joined. *Hewitt*, 798 F.2d at 1232; *see also Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988).

In this case, the Konigsbergers argue that the removal is defective because all defendants have not consented to the removal. However, the only defendant that did not consent to Genuine's removal is the defendant that Genuine claims was fraudulently joined, Kaiser Gypsum. *See* Dkt. 1, Exh 2 (consent forms). The Konigsbergers' argument is without merit because Genuine has met the judicial exception for unanimity of consent. Therefore, the Court denies the Konigsbergers' motion on this issue.

**B.     Fraudulent Joinder**

Normally, dismissal of resident defendants will not create diversity jurisdiction unless the dismissal was the result of a voluntary action by the plaintiff. *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918). An exception to this rule exists in the case where the resident defendants are determined by the court to have been fraudulently joined. *See*

*McCabe v. General Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987). The test for fraudulent joinder is if plaintiff fails to state a cause of action against the resident defendants and the failure is obvious according to the settled rules of the state. *Id*. at 1339.

"Fraudulent joinder must be proven by clear and convincing evidence," *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (5th Cir. 1998)), as "there is a general presumption against fraudulent joinder," *id*. (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1998)).

In evaluating the issue of fraudulent joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir . 2004) (en banc). The removing defendant must show "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461

In this case, Genuine's argument that Kaiser Gypsum is a sham defendant is based on a question of fact, whether the Konigsbergers bought insulation made by Kaiser Gypsum that contained asbestos. Kaiser Gypsum asserts that it stopped producing products containing asbestos in 1975. The Konigsbergers assert that they bought a Kaiser Gypsum product containing asbestos for construction of their home in 1978-1979. Kaiser Gypsum's liability is based on resolution of this question of fact. In light of the burdens for fraudulent joinder, Genuine has failed to meet its burden by producing clear and convincing evidence that there is no possibility that the Konigsbergers purchased Kaiser Gypsum's product containing asbestos. Therefore, the Court grants the Konigsbergers' motion because Genuine has failed to show that Kaiser Gypsum was fraudulently joined.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Konigsbergers' motion to remand (Dkt. 16) is **GRANTED** and this action is hereby remanded to Pacific County Superior Court.

DATED this 4th day of January, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

ORDER - 5