UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVE KONIGSBERGER and CINDY KONIGSBERGER, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER GYPSUM COMPANY, INC., et al.,<br><br>Defendants. | CASE NO. C11-6019BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Genuine Parts Company's ("Genuine") motion for reconsideration (Dkt. 23). The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 11, 2011, Plaintiffs Steve and Cindy Konigsberger ("Konigsbergers") filed a complaint in Pacific County Superior Court for the State of Washington against Defendants Kaiser Gypsum Company, Inc. ("Kaiser Gypsum"); Hanson Permanente Cement, Inc., formerly known as Kaiser Cement Corporation; Honeywell International, Inc., successor-in-interest to Allied Signal Inc., successor-in-interest to Bendix Corporation; Genuine; Maremont Corporation; and

ORDER - 1

Pneumo Abex Corporation (collectively "Defendants"). Dkt. 2, Declaration of Eliot M. Harris, Exh. 1.

The Konigsbergers allege that Mr. Konigsberger was exposed to asbestos from products that were manufactured, distributed, and/or sold by Defendants. *Id.* With respect to Kaiser Gypsum, the Konigsbergers allege that "Mr. Konigsberger also was exposed to asbestos-containing joint compound manufactured by Kaiser Gypsum during the construction of his home in Raymond, Washington in the late 1970s." *Id.* at 6.

On December 13, 2011, Genuine removed the action to this Court. Dkt. 1. Genuine asserts that "[a]ll defendants are foreign entities, with the exception of Defendant Kaiser Gypsum, which was fraudulently and improperly joined as a defendant in this action." *Id.* ¶ 5. Genuine also asserts that

> All known evidence suggests that the house was constructed in 1979. By this time, however, Kaiser Gypsum had ceased producing asbestos-containing joint compound. In fact, Kaiser Gypsum last produced joint compound containing asbestos in 1975. Accordingly, Plaintiffs cannot prevail upon their claim against Kaiser Gypsum.

*Id.* ¶ 7.

On December 22, 2011, the Konigsbergers filed the motion to remand. Dkt. 16. Genuine failed to timely respond. On January 4, 2012, the Court granted the motion and remanded the action. Dkt. 20. Later that day, Genuine filed a motion for reconsideration (Dkt. 23) and a response to the Konigsbergers' motion (Dkt. 24).

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

In this case, Genuine requests that the Court reconsider its order granting the motion to remand because Genuine's failure to timely file its response is excusable neglect. This, however, is not the required showing on a motion for reconsideration. Genuine's motion is essentially a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60 that is improperly titled and noted as a motion for reconsideration. Therefore, the Court denies the motion because Genuine has failed to make any showing regarding reconsideration.

With regard to Genuine's untimely response, neither the pleading nor the evidence submitted in support of the pleading support a finding of fraudulent joinder. The Konigsbergers allege that Mr. Konigsberger was exposed to a Kaiser-Gypsum product containing asbestos. Genuine's burden to avoid remand is heavy and requires clear and convincing evidence that this allegation is either impossible or unreasonable. *See Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Genuine has simply failed to meet this burden. Moreover, Genuine has one year to conduct discovery in state court and seek dismissal of the alleged "fraudulently joined" defendant. *See* 28 U.S.C. 1446(b). Therefore, even in light of Genuine's arguments at to the merits of fraudulent joinder, the Court denies Genuine either reconsideration or relief from the order of remand.

### III. ORDER

Therefore, it is hereby **ORDERED** that Genuine's motion for reconsideration (Dkt. 23) is **DENIED**.

DATED this 23rd day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge